UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDERSON BROTHERS STORAGE AND MOVING, | ) ) ) ) **JUDGE ANDERSEN** |
| Plaintiff, | ) ) **00C 4626** |
| v. | ) Civil Action No. _____ |
| LOCAL UNION NO. 705, AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO, | ) ) MAGISTRATE JUDGE SCHENKIER ) ) ) |
| Defendant. | ) |

ORDER TO SHOW CAUSE FOR A PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER

Upon the Affidavits of Victor Rothstein, Patrick Bonnema, Edward N. Thompson, and Kevin O'Malley of Plaintiff Anderson Brothers Storage And Moving ("Anderson"), and good cause appearing therefor, it is hereby

ORDERED that the Defendant shows cause before Honorable Judge _Kennelly_ [the Judge to whom this case is assigned, or, in his stead, before the MPU 7/30/w], at 9:30 a.m. on the 4th day of _August_, 2000, in Room 1719 of the United States Courthouse, Chicago, Illinois, why the Court should not issue a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, ordering the Defendant Union, and their officers, agents and the employees represented by Defendant Union, immediately to refrain, in any manner, from continuing, calling, threatening, instigating, directing, encouraging, causing, assisting or participating in any strike, work stoppage, slowdown, refusal to work as assigned, picketing or any other form of concerted activity intended or

166026.1

- 2 -

tending to interrupt the normal and regular operation of Plaintiff Anderson's Chicago, Illinois facility and Plaintiff's moving and storage operations, wherever such operations may be found, with respect to any grievance, difference or dispute arising out of the interpretation or application of the collective bargaining agreement between Plaintiff Anderson and Defendant Union; and it is further

**ORDERED** that personal service of this Order to Show Cause and Temporary Restraining Order, together with a copy of the papers upon which it is based, upon any officer or attorney of the Defendant Union, Local Union No. 705, at or before 11:00 a. m. on July 31, 2000, be deemed sufficient personal service thereof; that service of the Summons and Complaint by a United States Marshal be dispensed with, and that pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, any partner, associate, or employee of Matthew Saltzman, Madoff + Gunn, who is over the age of eighteen and not related to any of the parties in this action, be authorized to make such service.

**TEMPORARY RESTRAINING ORDER**

**THERE HAVING BEEN PRESENTED** to the Court, on prior notice to Defendant Union, a Complaint seeking, <u>inter alia</u>, that a Temporary Restraining Order be issued pending a hearing on the Plaintiff Anderson's application for an injunction, the Court finds and concludes:

1. That oral notice of the Motion for a Temporary Restraining Order was given the Defendant Union named in the Affidavit Pursuant to Rule 65(b) filed with the Court;

166026.1

MFU
7/30/w 4:30p

- 3 -

2. That Plaintiff Anderson will likely prevail on the facts and applicable law as it appears that an illegal strike or other interference with work in breach of the provisions of the collective bargaining agreement between Plaintiff Anderson and Defendant Union has occurred over a dispute concerning the interpretation or application of the collective bargaining agreement between Plaintiff Anderson and Defendant Union. Specifically, Defendant Union has engaged, and continues to engage, in a strike which commenced on July 29, 2000, and which is in response to disciplines meted out to several of Anderson's employees on July 28, 2000.

3. That the dispute between the parties which has caused such strike is subject to the mandatory grievance procedures set forth at Article 14 in the parties' collective bargaining agreement and Defendant has not yet exhausted the grievance procedure under said agreement;

4. That Plaintiff Anderson is willing and prepared to process said dispute that has caused and resulted in the concerted activity and illegal strike, to final resolution through the parties' contractually mandated grievance procedures, and will submit to the grievance procedure;

5. That substantial, immediate and irreparable harm unavoidably will result to Plaintiff Anderson, in the form of lost orders, lost customers, loss of revenues and profits thereon, and loss of reputation and goodwill, if the Defendant Union's strike is not enjoined pending a hearing on Plaintiff Anderson's application for preliminary injunction; and

166026.1

- 4 -

6. That the granting of a Temporary Restraining Order under these circumstances will result in less damage to Defendant Union than the failure to grant such relief would cause to the Plaintiff Anderson.

**NOW, THEREFORE, IT IS HEREBY FURTHER ORDERED:**

1. That the Union, their officers, agents, servants, representatives, members and the employees represented by the Union, and all those in active concert or participation with them who receive notice of the Order, and each of them, be enjoined and restrained from in any manner containing, calling, threatening, instigating, directing, encouraging, causing, assisting or participating in any strike, work stoppage, slowdown, refusal to work as assigned, picketing, or any other interruption in the operation of Anderson's Chicago, Illinois facility and Plaintiff's moving and storage operations, wherever such operations may be found, by and among any of Anderson's employees represented by the Union, over any question, difference, dispute, complaint or grievance with Anderson which is resolvable under the grievance provisions of the collective bargaining agreement between Anderson and the Union, including without limitation, the questions, differences, disputes, complaints or grievances currently at issue.

2. That the Union, their officers, agents, servants, representatives, members and employees represented by the Union, and all those in active concert or participation with them who receive actual notice of the Order, be ordered to direct all Anderson employees represented by the Union to cease engaging in any strike, work stoppage, slowdown, refusal to work as assigned, picketing, or any other interruption in the operation of Anderson's

166026.1

- 5 -

Chicago, Illinois facility and Plaintiff's moving and storage operations, wherever such operations may be found, by and among any of Anderson's employees represented by the Union, over any question, difference, dispute, complaint or grievance with Anderson which is resolvable under the grievance provisions of the collective bargaining agreement between Anderson and the Union, including without limitation, the questions, differences, disputes, complaints or grievances currently at issue.

3. That bond be filed by Plaintiff herein in the sum of $5,000, on or before the close of business on July 31, 2000;

4. This Order will be effective until August 4 2000, at 5:00 p.m., and not longer without the further notice of the Court;

5. That all papers to be submitted in opposition to the motion contained herein and the Answer to the Complaint in this action shall be served upon Plaintiff Anderson by delivery of copies thereof to the offices of Plaintiff Anderson's attorneys, Steven L. Brenneman, Sang-yul Lee or John V. Fenton at the offices of Matkov, Salzman, Madoff and Gunn, located at Suite 2900, 55 East Monroe Street, Chicago, Illinois, 60603 at or before __: 5:00 p.m. on the 2nd day of August, 2000.

166026.1

- 6 -

**IT IS FURTHER ORDERED** that service of a copy of this Order, together with a copy of the papers upon which it is based, be forthwith made upon the Defendant in the manner set forth above.

This Order issued this 30th day of July, 2000, at 4:30 p.m.

_____
UNITED STATES DISTRICT JUDGE

Issued at my home at Evanston, Illinois.

166026.1